United States District Court
Eastern District of Michigan
Northern Division

United States of America,

       Plaintiff,

                                Hon. Patricia T. Morris
                                United States Magistrate Judge

v.

                                Case No. 22-cr-20227

Kenneth David Pilon,

       Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Kenneth David Pilon, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.    Count of Conviction

The defendant will plead guilty to Counts 1 and 4 of the Information. Count 1 charges the defendant with violating 18 U.S.C. § 245(b)(5) on or about June 14, 2020, by making 9 racially threatening phone calls to various Starbucks locations in Michigan.  Count 4 charges the defendant with violating 18 U.S.C. § 245(b)(5) on or about July 12, 2020, by causing a noose with a handwritten note reading, "An

Page **1** of **21**

accessory to be worn with your 'BLM' t-shirt. Happy Protesting!," to be placed inside a vehicle owned by R.S. and D.S.

**2.      Statutory Minimum and Maximum Penalties**

The defendant understands that the counts to which he is pleading guilty carry the following maximum statutory penalties:

| Count 1 | Term of imprisonment: | Up to one year |
| | Fine: | Up to $100,000 |
| | Term of supervised release: | Up to one year |
| Count 4 | Term of imprisonment: | Up to one year |
| | Fine: | Up to $100,000 |
| | Term of supervised release: | Up to one year |

There are no statutory minimum sentences.

**3.      Agreement to Dismiss Remaining Charges**

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan and the Civil Rights Division of the

Department of Justice will move to dismiss the remaining charges in the Information against the defendant in this case.

**4.    Elements of Count of Conviction**

The elements of Counts 1 and 4 are: (1) the defendant used force or threat of force; (2) the defendant did so willfully to injure, intimidate, or interfere with a citizen, or attempt to do so; and (3) the defendant did so to intimidate "such citizen or any other citizen" from participating lawfully in speech or peaceful assembly opposing the denial of the opportunity to participate, free from intimidation based on race, in one of eleven enumerated activities, including enjoying a benefit or service administered by a State or its subdivision.  18 U.S.C. § 245(b)(5).[1]

**5.    Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea. The parties acknowledge

---

[1] Section 245(b)(5) provides: "Whoever, whether or not acting under color of law, by force or threat of force willfully injures, intimidates or interferes with, or attempts to injure, intimidate or interfere with—any citizen because he is or has been, or in order to intimidate such citizen or any other citizen from lawfully aiding or encouraging other persons to participate, without discrimination on account of race, color, religion or national origin, in any of the [enumerated] benefits or activities . . . or participating lawfully in speech or peaceful assembly opposing any denial of the opportunity to so participate—" shall be punished.

that such facts are only a partial summary of the government's evidence. The parties reserve the right to present additional evidence at the time of sentencing, if they so choose, and this paragraph is not intended to foreclose the presentation of such additional evidence.

## A.    Count 1

On June 14, 2020, in the Eastern District of Michigan, the defendant, Kenneth David Pilon, intimidated and attempted to intimidate citizens from participating lawfully in speech and peaceful assembly opposing the denial of Black people's right to enjoy police protection and services free from brutality, by making the following communications:

1. At or about 4:39 p.m., Pilon used a cell phone to call Starbucks Store No. 14436 in Saginaw, Michigan. Pilon told Starbucks employee F.M., "Tell all the Starbucks workers wearing BLM shirts that the only good nig*er[2] is a dead nig*er."

2. At or about 4:45 p.m., Pilon used a cell phone to call Starbucks

---

[2] "Nig*er" stands for "nigger," and henceforth, the abbreviation "nig*er" will be used.

Store No. 51497 in Saginaw, Michigan. Pilon told Starbucks employee H.L., "Tell your employees that a good nig*er is a dead nig*er."

3. At or about 4:46 p.m., Pilon used a cell phone to call Starbucks Store No. 23156 in Bay City, Michigan. Pilon told Starbucks employee E.F. that he did not like Black Lives Matter shirts and that "the only good nig*er is a dead nig*er." Pilon stated to E.F., "I'm gonna go out and lynch me a nig*er."

4. At or about 4:49 p.m., Pilon used a cell phone to call Starbucks Store No. 2740 in Birch Run, Michigan. Pilon told Starbucks employee J.W., "I want those that work for Starbucks to know that the only good nig*er is a dead nig*er."

5. At or about 4:59 p.m., Pilon used a cell phone to call Starbucks Store No. 9650 in Flint, Michigan. Pilon told Starbucks employee N.C., "Tell your employees wearing Black Lives Matter T-shirts that the only good nig*er is a dead nig*er."

6. At or about 5:09 p.m., Pilon used a cell phone to call Starbucks

Store No. 9435 in Allen Park, Michigan. Pilon told Starbucks employee E.W., "Tell all the employees wearing BLM shirts that the only good nig*er is a dead one."

7. At or about 5:22 p.m., Pilon used a cell phone to call Starbucks Store No. 11966 in Ann Arbor, Michigan. Pilon referenced BLM shirts and stated, "Tell your employees that the only good nig*er is a dead nig*er."

8. At or about 5:31 p.m., Pilon used a cell phone to call Starbucks Store No. 11879 in Oak Park, Michigan. Pilon told Starbucks employee M.S., "Tell the employees working there wearing the Black Lives Matter shirts—especially the white people—that the only good nig*er is a dead nig*er."

9. At or about 5:42 p.m., Pilon used a cell phone to call Starbucks Store No. 2342 in Ann Arbor, Michigan. Pilon told Starbucks employee M.N., "Tell any of the baristas that are wearing a Black Lives Matter shirt that the only good nig*er is a dead nig*er."

Pilon made these communications for the purpose of issuing a threat and with knowledge that the communications would be viewed as a threat.

## B.    Count 4

On July 12, 2020, in the Eastern District of Michigan, the defendant, Kenneth David Pilon, intimidated and attempted to intimidate citizens from participating lawfully in speech and peaceful assembly opposing the denial of Black people's right to enjoy police protection and services free from brutality; specifically, the defendant caused a noose with a handwritten note attached to it reading, "An accessory to be worn with your 'BLM' t-shirt. Happy Protesting!," to be placed inside a vehicle owned by R.S. and D.S.

Pilon left the noose-with-note for the purpose of issuing a threat and with knowledge that the noose-with-note would be viewed as a threat.

## 6.    Advice of Rights

The defendant has read the Information, has discussed the charges and possible defenses with his attorney, and understands the

crimes charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

    A.    The right to plead not guilty and to persist in that plea;

    B.    The right to a speedy and public trial by jury;

    C.    The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

    D.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

    E.    The right to confront and cross-examine adverse witnesses at trial;

    F.    The right to testify or not to testify at trial, whichever the defendant chooses;

    G.    If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

    H.    The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

    I.    The right to compel the attendance of witnesses at trial.

**7.     Collateral Consequences of Conviction**

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

8.   **Defendant's Guideline Range**

   A.   **Court's Determination**

   The Court will determine the defendant's guideline range at

sentencing.

   B.   **Acceptance of Responsibility**

   The government recommends under Federal Rule of Criminal

Procedure 11(c)(1)(B) that the defendant receive a two-level reduction

for acceptance of responsibility under USSG § 3E1.1(a). Further, if the

defendant's offense level is 16 or greater and the defendant is awarded

the two-level reduction under USSG § 3E1.1(a), the government

recommends that the defendant receive an additional one-level

reduction for acceptance of responsibility under USSG § 3E1.1(b).] If,

however, the government learns that the defendant has engaged in any

conduct inconsistent with acceptance of responsibility—including, but

not limited to, making any false statement to, or withholding material

information from, his[her] probation officer; obstructing justice in any

way; denying his guilt on the offense to which he is pleading guilty;

committing additional crimes after pleading guilty; or otherwise

demonstrating a lack of acceptance of responsibility as defined in USSG

§ 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C. Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply:

- Cross-reference to threatening or harassing communications guideline is appropriate under USSG § 2H1.1 in conjunction with USSG § 2A6.1.

- Pursuant to USSG § 2A6.1(a)(1), a base offense level of 12 is appropriate.

- Pursuant to USSG § 3A1.1(a), a three-level increase to the base offense level is appropriate because the defendant intentionally selected the victim based the actual or perceived race or color of any person.

- Pursuant to USSG § 3D1.4, a two-level increase to the offense level is appropriate.

### D. Factual Stipulations for Sentencing Purposes

The parties have no additional factual stipulations for sentencing purposes.

### E.    Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F.    Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 9.    Imposition of Sentence

### A.    Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing

guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a). The defendant understands that the Court is not bound by the recommended guideline range.

### B. Imprisonment

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends a sentence of imprisonment of ten-months on Counts 1 and 4 to run concurrently.

#### 2. No Right to Withdraw

No recommendation from the government regarding sentencing is binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.   Supervised Release

#### 1.   Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a ~~two~~-year term of supervised release.  The parties further recommend that the defendant participate in mental health treatment as one of his conditions of supervised release.

#### 2.   No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D.   Fines

There is no recommendation or agreement as to a fine.

### E.    Restitution

The Court must order any appropriate restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on restitution. The Court will determine at sentencing who the victims are and the amounts of any restitution they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within

three weeks of receiving it from government counsel. The defendant
agrees to participate in a presentencing debtor's examination if
requested to do so by government counsel.

### F.   Special Assessment

The defendant understands that he will be required to pay a
special assessment of $100 ($50 for each count), due immediately upon
sentencing.

### 10.   Appeal Waiver

The defendant waives any right he may have to appeal his
conviction on any grounds. If the defendant's sentence of imprisonment
does not exceed the top of the guideline range determined by the Court,
the defendant also waives any right he may have to appeal his sentence
on any grounds.

### 11.   Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective
assistance of counsel or prosecutorial misconduct, as long as the
defendant properly raises those claims by collateral review under 28
U.S.C. § 2255. The defendant also retains the right to pursue any relief
permitted under 18 U.S.C. § 3582(c), as long as the defendant properly

files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, Federal Rule of Civil Procedure 59 or 60, or *Class v. United States*, 138 S. Ct. 798 (2018) (challenge to facial or as-applied constitutionality of statute).

12.   **Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

If the defendant is allowed to withdraw his guilty plea, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to

challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**13.   Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

**14.   Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan and the Civil Rights Division of the United States Department of Justice.

**15.   Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the

guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 16.   Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 p.m. on November 28, 2022.

The government may withdraw from this agreement at any time before the defendant pleads guilty.

Dated: 10/25/2022

DAWN N. ISON
United States Attorney

_____
TIMOTHY TURKELSON
Assistant United States Attorney

_____
ANTHONY P. VANCE
Assistant United States Attorney
Chief, Branch Offices

TARA KNOLL ALLISON
Trial Attorney
Civil Rights Division

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions

answered by his attorney, and is satisfied with his attorney's advice and

representation.


_____
Barry A. Wolf
Attorney for Defendant

_____
Kenneth David Pilon
Defendant